In the matter of the commissions to be allowed to the guardians of RUTH JOYCE COOK et al., minors.

[Decided February 6th, 1919.]

On appeal from a decree of the prerogative court advised by Vice-Ordinary Backes, who filed the following opinion :

Four of the minor children of Edmund D. Cook, deceased, Ruth, Edmund, George and Margaret, each received from their father's estate $109,510.30. Their mother, Margaret P. Cook, George R. Cook and Henry Palmer were appointed their guardians in April, 1911. In December, 1912, George R. Cook resigned, waiving compensation, and received his discharge. The two remaining guardians were continued under a new order of appointment, and in September, 1917, Mr. Palmer applied for and received his discharge. The orphans court allowed compensation to the guardians for their care of the *corpus,* as against the respective estates, the following sums : Ruth, $2,899.61 ; Edmund, $2,340.02 ; George, $2,059.23, and Margaret, $1,- 885.21, aggregating $9,184.07. Of these allowances Mr. Palmer was awarded three-fifths, $5,510.42, he having been the active guardian in the management of the funds. An allowance of $300 against each of the estates was also made to counsel.

The only question to be dealt with is whether the allowances are excessive. The division of the allowances to the guardians is not involved. The allowances to counsel are not seriously assailed. They are at the rate of less than $50 a year against each estate. These sums are, indeed, modest for the character of legal services rendered, taking into consideration the high standing of counsel, and so much of the appeal as concerns that feature of the case is dismissed with the further comment that the allowances are beyond fair criticism.

The allowance made to Mrs. Hewitt (formerly Mrs. Cook) has not been the subject of discussion. While the appeal attacks the allowances as a whole, the contest is centered upon so much thereof apportioned to Mr. Palmer, Mrs. Hewitt prosecuting in her capacity as remaining guardian. The remuneration allowed

to Mr. Palmer for his six and one-half years' of service is very moderate, and this can be better appreciated by dividing the total into the number of years of service. For his care and watchfulness and prudent management of nearly a half a million dollars, his annual compensation is less than nine hundred dollars. It would seem to me that the mere responsibility of so large a fortune justifies this amount of remuneration. I doubt very much if in a private undertaking a person of Mr. Palmer's qualifications could be secured to assume, merely, the risk at this small fee. Of course, at common law, trustees served gratuitously, but a different policy now prevails, and, under the provisions of the Orphans Court act, guardians are allowed commissions not to exceed five per cent. of the estate, and in fixing the compensation the court, within the limitation, is required to measure it by the "actual pains, trouble and risk of such accountant." When therefore we look at the actual pains and trouble, in addition to the risk, Mr. Palmer had, as disclosed by the evidence, and from it it appears that the burden of the management of the funds was carried by him, no one, moved by a sense of fair play and justice, could say that the allowances are out of proportion to his pains, trouble and risk. I venture to observe that in the court of chancery where we are frequently called upon to fix fees of receivers of insolvent corporations, and where there is no statutory limitation, an allowance for the conservation of such a hugh estate would exceed considerably the sums given here, and properly so. The amounts fixed by the orphans court are within the statutory limitations, are fully justified by the nature of the services rendered, and, so far as the estates are concerned, are reasonable and are approved.

The thing that gives ground for criticism and probably provoked this appeal is the inequality of the allowances made against the several estates. The funds were managed as a unit, as they came to the wards from their father, to which were added, considerably, from income in excess of what was needed for the maintenance of the children. The same scrupulous care and attention was given to each and for the same length of time, and the question, naturally enough asked, is, If the statutory basis of compensation is actual pains, trouble and risk of the guardians, why should Ruth's estate be called upon to pay a

larger sum than the others, and why should Edmund's be greater than George's, and George's exceed that of Margaret's? At first blush this taxation would seem to be unjust and it would appear that the court below fell into grievous error in its method. But the court had this situation to deal with. Ruth's estate had another year. to run, Edmund's six years, George's seven, and Margaret's twelve. Ruth's estate, the administration of which was about ended, was taxed at the rate of three per cent. commission; those of Edmund and George at four and Margaret's at five per cent., and at these rates the commissions were allowed in proportion as the period of service rendered by the guardians bore to the term to be administered. Now, while the court, obviously esteemed the services, rendered to Ruth's estate to be fairly worth the sum of three per cent. *minus,* and that the guardians had earned no less from the other estates, provision had to be made for the compensation of those who were to administer the unexpired terms and, with the capital for this purpose restricted by the statutory five per cent., the appraisal had to be subordinated to apportionment. Although the imposition on the several estates does not result-in an exact equality of charge, the highest is not excessive and the appellant-guardian is not aggrieved.

The appeal will be dismissed, with costs.

*Mr. William B. Gourley* and *Mr. Linton Satterthwaite,* for the appellants.

*Mr. Frank S. Katzenbach,* for the respondent.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Ordinary Backes.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER—12.

*For reversal*—None.